

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2008

# Nasser-Urfi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1915

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nasser-Urfi v. Atty Gen USA" (2008). *2008 Decisions.* Paper 265.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/265

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1915

_____

ABOU NASSER-URFI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A77-757-834)
Immigration Judge: The Honorable William K. Strasser

_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2008

Before: McKEE, NYGAARD, and MICHEL,* Circuit Judges.


(Filed: November 5, 2008)

_____

OPINION OF THE COURT

_____

_____

*Honorable Paul R. Michel, Chief Judge for the United States Court of Appeals
for the Federal Circuit, sitting by designation.

NYGAARD, Circuit Judge.

 The Immigration Court entered orders denying Petitioner, Abou Nasser-Urfi's Application for Asylum. Nasser-Urfi appealed to the Board of Immigration Appeals, which affirmed the Immigration Judge's order. Petitioner now appeals to this court raising two issues. First, that the BIA erred by concluding that Urfi failed to establish a nexus between his alleged mistreatment and a protected ground under the requested forms of relief. And, second, he contends that the record was rendered insufficient because of errors in transcription and recording. We will deny the Petition for Review.

Because we write only for the parties, who are familiar with the facts and procedure of the case, we will not reiterate them here. It is sufficient to state that we have examined the record below and conclude that Nasser-Urfi has failed to demonstrate that the evidence compels a conclusion contrary to that reached below. He alleged persecution, but provided few details in support of his claim, and proved no nexus between any alleged harm and a statutorily protected ground. Moreover, he has failed to show a well-founded fear of future prosecution. In sum, he has failed to prove his eligibility for asylum or withholding of removal.

Finally, we lack jurisdiction to consider his allegations of error with respect to the interpretation and transcription of his removal hearing because he failed to raise the issue

before the BIA.  Because he failed to exhaust his administrative remedies, this issue is waived.  *Alleyne v. INS,* 879 F.2d 1177, 1182 (3d Cir. 1989).

In sum and for the foregoing reasons we will deny Nasser-Urfi's Petition for Review.